IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE NORTON,

        Plaintiff,                   No. CIV S-08-2725 EFB P

    vs.

DEUEL VOCATIONAL
INSTITUTE, et al.,
                                     ORDER
        Defendants.
                               /

       Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

       On May 28, 2009, the court dismissed plaintiff's complaint with leave to amend within thirty days. The court warned plaintiff that failure to file an amended complaint could result in this action being dismissed. Plaintiff did not file an amended complaint or otherwise respond to the May 28, 2009 order, therefore, the court dismissed this action without prejudice on August 7, 2009.

       On August 12, 2009, plaintiff filed a letter with the court stating that he never received an order directing him to amend his complaint, and requests leave to file an amended complaint.

1   However, court records reflect that plaintiff was properly served with the May 28, 2009 order,

2   which cautioned plaintiff that he must file an amended complaint to proceed with this action.

3   The court construes plaintiff's letter as a request for relief from judgment.

4       Pursuant to Fed. R. Civ. P. 60(b):

5-9   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

10   The court will grant plaintiff one final opportunity to comply with the May 28, 2009 order.

11       IT IS THEREFORE ORDERED that plaintiff has 20 days from the date of this order to

12   show cause why the court should vacate its judgment.  In his response to this order, plaintiff

13   must provide an amended complaint that cures the deficiencies identified in the May 28, 2009

14   order.   The Clerk of the Court is directed to mail to plaintiff a copy of the May 28, 2009 order.

15   If plaintiff fails to comply with this order, this case will remain closed pursuant to the judgment

16   entered August 7, 2009.

17   Dated:  September 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE